UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ASIM AMRAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-12959-NMG |
| | ) | |
| COMMISSIONER OF CORRECTIONS, | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION ON PETITIONER'S MOTION TO STAY
[Docket No. 2]

January 4, 2016

Boal, M.J.

On July 15, 2015, pro se petitioner Asim Amran filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Docket No. 1. On that same date, he filed a motion seeking a stay and abeyance of the petition so that he could exhaust certain claims in state court, and then if necessary, amend the habeas petition to include those claims. Docket No. 2. For the following reasons, this Court recommends that the District Judge assigned to this case deny the motion.

I.      FACTUAL AND PROCEDURAL BACKGROUND

On December 12, 2012, a Worcester Superior Court jury convicted Amran of murder in the first degree. See Docket No. 1 at 1, Docket No. 1-2 at 61. The trial judge sentenced Amran to life in prison. Id. Amran timely appealed. Docket No. 1-2 at 62.

Before the Massachusetts Supreme Judicial Court ("SJC"), Amran alleged error in (1) the admission of photographs prejudicially depicting the victim's body in an advanced state of decomposition, and lacking any relevance to any issue at trial; (2) the failure to grant a mistrial

1

after the medical examiner testified that the victim's death was a homicide, when the defense was that it was a suicide; (3) the admission of the defendant's statement to police with no redactions of (i) inadmissible accusations by police, (ii) assertions that the police had inculpatory evidence that was not provided to the jury, and (iii) hearsay; and (4) the failure to conduct a voir dire of jurors after at least one juror had been exposed to prejudicial extraneous material. Commonwealth v. Amran, 471 Mass. 354, 355 (2015).  The SJC affirmed Amran's conviction on April 30, 2015.  Id. at 364.

On July 15, 2015, Amran filed the instant petition for a writ of habeas corpus.  Docket No. 1.  The petition raises four grounds: (1) that the trial court abused its discretion in failing to grant a mistrial after the trial court told the jury this was a homicide case, and the defense was it was a suicide; (2) that defendant's redacted statement should not have been allowed into evidence because it contained hearsay, lying and fabrications; (3) that the admission of photographs of the victim's decomposed body was prejudicial; and (4) that the trial court erred twice in failing to conduct voir dire of the entire jury after extremely prejudicial extraneous evidence was allowed into the jury and its deliberations.[1]  Docket No. 1 at 5-10.  The Petition also states that "[a] Rule 25(b)(2) Motion has been filed to exhaust remaining issue's [sic] that Direct Appellate counsel did not, or would not pursue.  Petitioner seeks a STAY OF THESE PROCEEDINGS" enclosed to address this Rule 25(b)(2), a copy of which is enclosed, as grounds to allow the STAY OF PROCEEDINGS – demonstrating viable claims of relief."  Id. at 12.

Amran also filed a motion to stay these proceedings pending exhaustion of a Rule 25(b)(2) motion in state court.  Docket No. 2.  The motion to stay attached a copy of a Rule

---

[1] It does not appear that the Commissioner disputes that these claims have been exhausted.

25(b)(2) motion for a required finding of not guilty, or in the alternative, for a new trial or for entry of finding of guilty of a lesser charge of manslaughter dated July 10, 2015. Docket No. 2 at 2-69. Respondent Massachusetts Commissioner of Corrections ("Commissioner") filed an opposition to the motion to stay on September 25, 2015. Docket No. 21.

On October 6, 2015, Amran filed a motion to strike the Commissioner's opposition. Docket No. 24. Amran takes issue with the Commissioner's statement that Amran has not specified which additional claims he seeks to exhaust in state court and that Amran has not yet filed a motion in the state court outlining those claims. He points out that in fact he had attached a copy of his Rule 25(b)(2) motion to the motion to stay, which outlines the sixteen claims he seeks to exhaust in state court. See Docket No. 24 at 4-5. In addition, he states that he learned that the state court had not received his Rule 25(b)(2) motion so he re-mailed it to the state court on September 27, 2015. Id. at 5. It appears that the Rule 25(b)(2) motion was received and docketed by the state court on October 6, 2015. See Docket No. 28 at 3.[2]

II.   ANALYSIS

A federal court may not consider a petition for a writ of habeas corpus filed under Section 2254 unless the petitioner has exhausted state court remedies for all claims raised in the petition. 28 U.S.C. § 2254(b)(1). Generally, a federal court presented with a "mixed" petition, i.e., one that includes both exhausted and unexhausted claims, must dismiss the petition or allow the petitioner to voluntarily dismiss the unexhausted claims. See Rose v. Lundy, 455 U.S. 509, 515, 520 (1982). Under limited circumstances, however, a federal court may stay a mixed petition and hold it in abeyance while the petitioner exhausts remedies in state court. Rhines v. Weber,

---

[2] Accordingly, the Court will not strike the Commissioner's opposition to the motion to stay but will consider Amran's motion to strike as a reply brief.

544 U.S. 269, 278 (2005). Once unexhausted claims have become exhausted in state court, the petitioner may proceed again with the habeas petition in federal court. Id. This procedure allows petitioners to exhaust state remedies and then return to federal court without running afoul of the statute of limitations applicable to habeas petitions. Id. at 275.

A stay, however, is "available only in limited circumstances," id. at 277, so as not to "undermine Congress' design in AEDPA to encourage finality in criminal proceedings and to streamline the federal habeas process." Josselyn v. Dennehy, 475 F.3d 1, 4 (1st Cir. 2007) (citing Rhines, 544 U.S. at 277). Therefore, a stay is only appropriate if the petitioner shows "that there was 'good cause' for failing to exhaust the state remedies, the claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics." Id. A petitioner's inability to show good cause, by itself, precludes a stay. Santana v. Ryan, No. 14-cv-14097-ADB, 2015 WL 4576913, at *4 (D. Mass. July 30, 2015).

Here, Amran seeks to delay resolution of his petition in order to exhaust sixteen claims in state court. At present, those sixteen claims are not part of his petition. Therefore, Amran's petition is not a typical "mixed" petition that includes both exhausted and unexhausted claims. However, courts in this district have treated similar petitions as mixed petitions for purposes of the Rhines analysis because their "obvious purpose is to allow for the amendment of the petition to include the currently unexhausted claim." Womack v. Saba, No. 11-40138-FDS, 2012 WL 685888, at *2 (D. Mass. Mar. 1, 2012); see also Santana v. Ryan, 2015 WL 4576913, at *3; Roman v. Ryan, No. 12-30160-TSH, 2014 WL 5112112, at *2 (D. Mass. Oct. 10, 2014).

Here, Amran has failed to show good cause for his failure to exhaust state remedies. His pleadings do not provide any basis for a finding of good cause. The only reason given for his failure to exhaust state remedies is contained within the petition itself, where Amran states that

appellate counsel "did not, or would not pursue" those claims. Docket No. 1 at 12. If Amran's failure to raise the unexhausted claims on direct appeal to the SJC was the product of a strategic decision by his counsel, such intentional choice to omit certain claims "cannot amount to good cause." Clements v. Maloney, 485 F.3d 158, 170 (1st Cir. 2007). If, on the other hand, these claims were omitted from his direct appeal due to his counsel's ignorance or inadvertence, "[i]gnorance of the law does not constitute good cause." Josselyn, 475 F.3d at 5. Nothing about the nature of the unexhausted claims themselves explains Amran's failure to exhaust. Further, "a claim for ineffective assistance of counsel alone does not present good cause for a stay and abeyance." Womack, 2012 WL 685888, at *4. Finally, Amran's pro se status, in and of itself, cannot establish good cause, especially where Amran was represented by counsel during the appellate proceedings. Id. at *3. Accordingly, this Court recommends that the District Court deny Amran's motion to stay.

III.  RECOMMENDATION

For the foregoing reasons, this Court recommends that the District Judge assigned to this case deny Amran's motion to stay and allow the petition to proceed only on those claims that were exhausted before the petition was filed.

IV.  REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72. The parties are further advised that the United States Court

of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge