United States District Court
District of Massachusetts

| | |
|---|---|
| ASIM AMRAN, | )<br>)<br>) |
| Petitioner. | )<br>)  Civil Action No.<br>)  15-12959-NMG |
| v. | )<br>) |
| COMMISSIONER OF CORRECTIONS, | )<br>) |
| Respondent. | ) |

MEMORANDUM & ORDER

GORTON, J.

In July, 2015, petitioner Asim Amran ("petitioner" or "Amran") filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Magistrate Judge to whom the matter was referred entered a Report and Recommendation ("R&R") (Docket No. 52) in December, 2017, recommending that this Court deny Amran's petition for a writ of habeas corpus.

Petitioner filed timely objections to the R&R (Docket No. 54). After considering those objections and carefully reviewing the R&R de novo, for the following reasons the Court will overrule petitioner's objections, accept and adopt the report and recommendation of the Magistrate Judge and dismiss the petition.

-1-

## I. Background

This habeas petition arises from Amran's conviction for murder in the first degree in Worcester Superior Court in December, 2012. The Supreme Judicial Court ("SJC") affirmed Amran's conviction in April, 2015 and Amran filed the instant habeas corups petition three months later.

In his petition, Amran contends that (1) the trial court abused its discretion in failing to grant a mistrial after the trial court told the jury this was a homicide case (where the defense was that it was a suicide), (2) the defendant's redacted statement should not have been allowed into evidence, (3) the admission of photographs of the victim's body was prejudicial and (4) the trial court erred in failing to conduct voir dire of the jury after its exposure to extraneous evidence on two occasions.

The Magistrate Judge entered the R&R recommending that this Court deny the petition in December, 2017. In the R&R, the Magistrate Judge determined that Claims One, Two and Three were waived because Amran failed to address them in his memorandum of law in support of the petition. Furthermore, those claims relate to issues of state law not cognizable on habeas review. The Magistrate Judge held that, although Amran had exhausted Claim Four, he had failed to show he was entitled to habeas

-2-

relief on that ground. Amran timely filed his objections, contesting the SJC's findings of fact and the R&R's treatment of those findings.

## II. Analysis

### A. Legal Standard

Pursuant to Fed. R. Civ. P. 72,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.

Fed. R. Civ. P. 72(b)(3). A federal court sitting in habeas corpus is not obliged to re-examine state-court determinations of state-law issues but rather "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Factual findings made by state courts on direct review are therefore entitled to a presumption of correctness and interpretations of state law are binding. 28 U.S.C. § 2254(e)(1); Bradshaw v. Richey, 546 U.S. 74, 76 (2005).

When the basis for a petitioner's application for a writ of habeas corpus was adjudicated on the merits in state court, the petition will be granted only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of
> the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The determination of a factual issue made by a state court "shall be presumed to be correct" and where an application for a writ of habeas corpus challenges such a determination the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence". 28 U.S.C. § 2254(e)(1). Thus, there is a presumption that factual findings made by a state court are correct and that the federal court considering a habeas petition must defer to such findings. Sanna v. Dipaolo, 265 F.3d 1, 10 (1st Cir. 2001). That presumption attaches to findings by state trial and appellate courts. Clements v. Clarke, 592 F.3d 45, 47 (1st Cir. 2010).

When the basis for a petitioner's application for a writ of habeas corpus was <u>not</u> adjudicated on the merits in state court, however, the petitioner's claim will be reviewed de novo. Norton v. Spencer, 351 F.3d 1, 5 (1st Cir. 2003).

### B. Jury Exposure to Unredacted Transcripts

Petitioner objects to the Magistrate Judge's analysis of the state trial court's alleged error in failing to conduct voir dire after extraneous material was presented to jurors on two occasions. Specifically, petitioner contends that the SJC

-4-

addressed only one of the two instances when the jury was mistakenly exposed to prejudicial material and that therefore, the Magistrate Judge's conclusion that a presumption of correctness attaches to the SJC's findings was in error.

In his petition, Amran points to two events at trial which he suggests tainted the jury: 1) on December 4, 2012, the entire 16-person jury had unredacted transcripts containing the results of petitioner's polygraph while they watched a video-recorded interview with police ("the December 4 incident") and 2) on December 12, 2012, the trial court was made aware that one of the jurors in the deliberation room had access to an unredacted transcript of defendant's statement containing information about defendant's polygraph exam and gun ownership ("the December 12 incident"). Petitioner asserts that the SJC "overlook[ed] the fact" of the December 4 incident. He objects to the Magistrate Judge's decision that the conclusion of the SJC was neither contrary to nor an unreasonable application of federal law.

Petitioner has not presented clear and convincing evidence rebutting the presumption of correctness that attaches to the SJC's finding of fact. In his appeal to the SJC, petitioner raised both the December 4 and December 12 incidents. The SJC determined that the only juror who was exposed to material on the unredacted pages of the transcript was the juror who had

access to the unredacted transcript during the December 12 deliberation (juror No. 10). Commonwealth v. Amran, 471 Mass. 354, 362-64 (2015). That factual determination made by the state court is entitled to a presumption of correctness because petitioner has not offered evidence to dispute such a finding but rather hinges his challenge on the complaint that the SJC did not consider the incidents separately. Cf. Teti v. Bender, 507 F.3d 50, 59 (1st Cir. 2007) (determining that the presumption of correctness applied to the state court's factual findings where petitioner did not point the court to any clear and convincing evidence refuting those findings).

To the contrary, a review of the trial transcript from the December 4 incident reveals that the jury had possession of the full unredacted transcripts prior to counsel's agreement that portions of the transcript should be redacted. The jury heard testimony of defendant's statement to police from the beginning of the transcript on December 4. At sidebar in the afternoon of December 4, counsel for the Commonwealth and the defendant informed the judge that they had decided to have portions at the end of the tape, which the jury had not yet heard, removed. Those pages were removed prior to the remainder of the testimony being read into the record the following day, December 5. Counsel for defendant had the opportunity to raise the issue of

extraneous influence at sidebar on December 4 and again during the jury's deliberations after the December 12 incident. Counsel informed the court that he had spoken with the defendant and that he and his client were satisfied with the trial judge's findings that there had been no extraneous influence on the jury.

Petitioner has not presented clear and convincing evidence to rebut the SJC's findings of fact. Instead, he objects to the SJC's decision to address the questions of extraneous influence together. Accordingly, the SJC's finding was not unreasonable based on the facts before it and Amran has failed to rebut the presumption of correctness that attaches to that finding.

## ORDER

For the foregoing reasons, petitioner's objections thereto (Docket No. 54) are **OVERRULED**, the Magistrate Judge's Report and Recommendation (Docket No. 52) is **ACCEPTED** and **ADOPTED** and the petition is **DISMISSED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated February 9, 2018